# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY McNEIL,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:15-cv-01442- SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Harley McNeil, proceeding *pro se*, seeks review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act (42 U.S.C. § 301 *et seq.*). The court has reviewed the complaint and applicable law, and for the reasons that follow, the complaint will be dismissed for failure to state a claim. Plaintiff is granted leave, however, to file an amended complaint to remedy the deficiencies discussed below.

## I.    DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." If the Court finds any such deficiency, the complaint must be dismissed. *Id*. But leave to amend the

complaint may be granted where the deficiencies can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (concluding that pro se filings should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ).

A.  *Plaintiff's Complaint*

In his complaint, Plaintiff challenges the denial of his DIB application, taking particular issue with the Administrative Law Judge's ("ALJ") analysis of his alleged mental impairments. According to Plaintiff, "the decision to deny [the DIB] . . . was not cohesive to the condition of Traumatic Brain Injury."  Doc. 1.   Specifically, he contends: "Judge Tamia Gordon may have made incorrect decisions and lack of consideration for all aspects of the problems of brain damage in her ruling," Doc. 1., pg. 2; she "made her evaluation through the five steps with her conclusion through these steps that did not comprehend [*sic*] fully problems concerning brain injury disability of the person of Harley McNeil," Doc. 1, pg. 2; and "[t]he decision seemed to make an issue about how much weight Harley can carry or pick up," Doc. 1, pg. 7.

Plaintiff states that "[h]e has exhausted all availability [*sic*] of Social Security process resources; Security Application decision, Reconsideration, ALJ decision Denial, and decision of the Appeals Council," but provides no specific dates related to his application, requests for reconsideration and appeal, and the decisions rendered.  There is reference to only two dates: (1) When discussing the ALJ's decision, Plaintiff states, "Judge Tamia N. Gordon mentioned these types of reports in her five point regulated denial from the . . . hearing on 1/31/14," Doc. 1, pg. 3;

2

and (2) when discussing his inability to access his Social Security records, Plaintiff states, "[a]t the time of his application for disability benefits in 2013, [Plaintiff] was being denied records from the Social Security Office in Madera and Fresno." Doc. 1, pg. 13.

In sum, Plaintiff requests that the Court remand the Commissioner's decision.

B.  *Federal Rule of Civil Procedure 8(a)(1)*

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a complaint must first set forth a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Judicial review of a decision of the Commissioner is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§ 405(g) and (h) (emphasis added). Section 405(g) operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner— namely sixty days. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) ("the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations"); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987) ("The 60–day period is not jurisdictional, but instead constitutes a statute of limitations."). And because the time limit under section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for

untimely filing of one day).

A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process whereby a plaintiff must exhaust his administrative remedies as follows:

> [A] disappointed claimant is afforded a three-stage administrative review process beginning with *de novo* reconsideration by the State of the initial determination. If a claimant is dissatisfied with the state agency's decision on reconsideration, he is entitled to a hearing by an administrative law judge (ALJ) within SSA's Office of Hearings and Appeals.
>
> If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council. Proceeding through these three stages exhausts the claimant's administrative remedies. Following the determination at each stage, a disappointed claimant is notified that he must proceed to the next stage within 60 days of notice of the action taken or the decision will be considered binding.

*Bowen*, 476 U.S. at 471-472. And "[t]hereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g)." *Id.* at 472. If a plaintiff does not correctly follow the procedure with respect to appealing the ALJ's decision, the Court is unable to consider his challenge. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases").

While Plaintiff claims he has "exhausted" the Social Security process, it is unknown whether Plaintiff went through the appeals process, which required proceeding through a number of stages before obtaining a final decision from the Appeals Council. If so, it is unknown when the Appeals Council's decision became final. Without such information, the Court cannot determine whether Plaintiff's complaint was timely filed, such that it may exercise judicial review.

Plaintiff is thus advised that if he files an amended complaint, sufficient information must be supplied so that the Court can determine whether it has jurisdiction of the action; otherwise, the action may be dismissed for lack of subject matter jurisdiction.

C.  *Equitable Tolling*

In *rare* cases, the sixty day statute of limitations can be excused. Section 405(g) has been

construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911[1] and 416.1411,[2] or by a court applying traditional equitable tolling principles in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (internal quotations omitted). For example, the Supreme Court concluded in *Bowen* that equitable tolling applied where the SSA's internal policy prevented claimants from knowing that a violation of their rights had occurred. *Id.* at 481. And in *Vernon v. Heckler*, the Supreme Court reversed and remanded to give the claimant "the opportunity to delineate further a factual basis for estoppel or equitable tolling" based on facts that an SSA employee alleged said, "Don't worry; they'll give you an extension." *Vernon v. Heckler*, 811 F.2d 1274, 1275, 1278 (9th Cir. 1987). There are, of course, cases to the contrary. In *Turner v. Bowen*, for example, the Eighth Circuit found "no basis for tolling the statute of limitations because [the plaintiff] had not proved to be a person unusually disadvantaged in protecting his own interests" despite being illiterate and represented by a state representative (who was not an attorney) at the ALJ hearing. *Turner v. Bowen*, 862 F.2d 708, 709 (8th Cir. 1988).

Plaintiff is therefore also advised that if he did not file this complaint within the sixty day period after receiving an adverse decision from the Appeals Council, he would need to articulate facts similar to those outlined in the cases above in order to establish this Court's jurisdiction.

D.  *Federal Rule of Civil Procedure 8(a)(2)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Section 404.911 relate to the provisions of Title II of the Social Security Act concerning old-age, survivors, and DIB.
[2] Section 416.1411 relate to the provisions of Title XVI of the Social Security Act concerning supplemental security income ("SSI") for the aged, blind and disabled. Plaintiff does not appear to seek review of a denial of SSI by the Commissioner.

statements, do not suffice.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). But while factual allegations are accepted as true, legal conclusion are not. *Id*.

The complaint here contains recitations of Plaintiff's medical history, his criminal past and family background. There is reference to legal authority by citation to one case, some federal statutes and regulations, and a handful of websites. As noted, Plaintiff contends: "Judge Tamia Gordon may have made incorrect decisions and lack of consideration for all aspects of the problems of brain damage in her ruling," Doc. 1., pg. 2; she "made her evaluation through the five steps with her conclusion through these steps that did not comprehend [*sic*] fully problems concerning brain injury disability of the person of Harley McNeil," Doc. 1, pg. 2; and "[t]he decision seemed to make an issue about how much weight Harley can carry or pick up," Doc. 1, pg. 7. But these conclusory statements are supported with little factual allegations which explain how the ALJ erred.

If Plaintiff chooses to file an amended complaint, he must explain the basis for these conclusions in more detail in the FAC. And in doing so, Plaintiff is further reminded that this Court can only review a final decision by the Social Security Administration to determine: (1) whether it is supported by substantial evidence; and (2) whether the ALJ applied the correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008).

II.   LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the complaint to address the issues identified above. If Plaintiff chooses to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended

complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **January 4, 2016.** *Plaintiff is advised that failure to file an amended complaint by the date specified will result in dismissal of this action.*

IT IS SO ORDERED.

   Dated:   **November 18, 2015**                    **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE