1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   HARLEY McNEIL,                                **15-cv-1442-AWI GSA**

12
                      Plaintiff,
13
          v.
14                                                 **ORDER FOR SUPPLEMENTAL**
                                                   **BRIEFING**
15   COMMISSIONER OF SOCIAL
     SECURITY,
16
                      Defendant.
17

18

19        On November 2, 2016, Plaintiff filed a request that the undersigned be disqualified "due

20   to a conflict of interest because of proceedings and judgments involving [Plaintiff's] deceased

21   son, Levi Lingenfelter." (Doc. 17).  This is the only sentence Plaintiff articulated in support of

22   his motion.

23        The Court believes that the Plaintiff's son may have been a party in a state court

24   proceeding that the undersigned presided over several years ago.  Plaintiff is advised that a judge

25   must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a),

26   or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed

27   evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or

28   information acquired by the court in its judicial capacity will rarely support recusal." *United*

1   *States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Litkey v. United States*, 510 U.S.

2   540, 555, 114 S.Ct. 1147 (1994)).  The objective test for determining whether recusal is required

3   is whether a reasonable person with knowledge of all the facts would conclude that the judge's

4   impartiality might reasonably be questioned.  *Johnson*, 610 F.3d at 1147 (quotation marks and

5   citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038. 1043 (9th Cir. 2008).  "Adverse findings

6   do not equate to bias," and prior rulings in the proceeding, or another proceeding are ordinarily

7   insufficient to establish that recusal is required.  *Johnson*, 610 F.3d at 1147-1148.  Thus,

8   Plaintiff's disagreement with the Court's judicial rulings in a case does not constitute a valid basis

9   for a bias or partiality motion.  *In re Focus Media, Inc*., 378 F.3d 916, 930 (9th Cir. 2004) (citing

10  *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

11        Given the above, the fact that the undersigned presided over prior proceedings involving

12  the Plaintiff or his son is not by itself a basis for the Court's recusal.  However, given the limited

13  information in the motion, the Court will give Plaintiff an opportunity to supplement his pleading

14  if he so desires. Plaintiff shall file any additional pleading no later than **December 6, 2016**.

15  *Failure to file a supplemental brief may result in denial of this motion.*

16  IT IS SO ORDERED.

17     Dated:   **November 14, 2016**              **/s/ Gary S. Austin**

18                                           UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28