UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY McNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | **15-cv-1442-AWI GSA**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**<br><br>**(Doc. 17)** |

On November 2, 2016, Plaintiff, appearing *pro se*, filed a request that the undersigned be disqualified "due to a conflict of interest because of proceedings and judgments involving [Plaintiff's] deceased son, Levi Lingenfelter." (Doc. 17). This is the only sentence Plaintiff articulated in his motion. The Court construed this pleading as a motion to recuse and on November 15, 2016, ordered that **no later than December 6, 2016**, Plaintiff provide the Court with additional facts and briefing. (Doc. 18). No supplemental briefing has been filed.

As noted in the previous order, the Court recognizes the name of Plaintiff's son as a party in a state court proceeding that the undersigned may have presided over several years ago. It is well established that a judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or

1

personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). However, "judicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Litkey v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038. 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," and prior rulings in the proceeding, or another proceeding are ordinarily insufficient to establish that recusal is required. *Johnson*, 610 F.3d at 1147-1148. Thus, Plaintiff's disagreement with the Court's judicial rulings in a case does not constitute a valid basis for a bias or partiality motion. *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

Given the above, the fact that the undersigned may have presided over prior proceedings involving the Plaintiff or his son is not by itself a basis for the Court's recusal. Accordingly, Plaintiff's Motion for Recuse (Doc. 17) is DENIED.

IT IS SO ORDERED.

Dated: **January 4, 2017**                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE