1
2
3
4
5
6
7
8                            **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   HARLEY McNEIL,                              **15-cv-1442-AWI GSA**

12                     Plaintiff,

13        v.

14                                               **INFORMATIONAL ORDER FOR**
                                                 **PLAINTIFF**
15   COMMISSIONER OF SOCIAL
     SECURITY,
16
                      Defendant.
17

18

19        *This order provides the following helpful information, and basically serves as a step-by-*

20   *step guide, for pro se litigants. It is strongly suggested that plaintiff read and re-read this order*

21   *and keep it readily available for future reference.*

22   **I.      Attempt at Informal Resolution of the Case**

23        Pursuant to the Scheduling Order, within one hundred twenty (120) days after service of

24   the complaint, defendant is required to serve a copy of the administrative record on plaintiff and

25   also file the administrative record with the Court, which serves as the answer to the complaint in

26   this proceeding. The Commissioner served Plaintiff with a copy of the administrative record on

27   January 19, 2017. (Docs. 21 and 22).

28        Once the administrative record has been filed, the parties ***must*** try to resolve the case

1

1  informally.  In this process, the parties must exchange informal briefs in the form of letters about

2  the case to see if they can agree that the case should be sent back, or "remanded" to the Social

3  Security Administration for a further hearing by an administrative law judge.

4      In the letter brief, plaintiff must briefly set forth (1) the issues in the case, (2) the reasons

5  why plaintiff thinks that plaintiff is entitled to Social Security benefits, and (3) why the decision

6  to deny benefits should be remanded.

7      The letter brief must be marked "Confidential Letter Brief,"*should not be filed with the*

8  *Court*, and must be served on defendant within thirty (30) days from the date defendant served

9  plaintiff with the administrative record, by mailing copies to all the attorneys listed on the court

10  docket as representing defendant, Commissioner of Social Security, at the addresses noted on the

11  court docket.  Although the confidential letter brief should not be filed with the Court, Plaintiff

12  shall file a notice on the Court's docket that the letter was served on the Defendant.

13      The name of the attorney or attorneys representing defendant are added to the court docket

14  at the time the Court receives defendant's response to the complaint which, again, usually

15  consists of the administrative record.  Sometimes the court docket lists not only an attorney at the

16  office of the General Counsel of the Social Security Administration in San Francisco, California,

17  but also an attorney at the United States Attorney's Office in Fresno, California; in these

18  particular cases, it will then be necessary for plaintiff to mail copies of the confidential letter brief

19  to more than one attorney for defendant.

20      Defendant's confidential letter brief must be served on plaintiff no later than thirty-five

21  (35) days after defendant is served with plaintiff's confidential letter brief.  The Commissioner

22  shall file a notice that the letter brief was served on the Plaintiff.  If the parties agree to a remand,

23  then the case will go back to the Social Security Administration before any formal briefs are filed

24  with the Court, and without the Court ever considering the merits of the case.  The parties'

25  agreement to remand the case must be set forth in writing in a document titled "Stipulation and

26  Order" which must be signed and filed with the Court no later than fifteen (15) days after

27  defendant served its confidential letter brief on plaintiff.  See Local Rule 143(a)(1) & (b).

28      The informal letter briefs exchanged by the parties are confidential in the sense that they

1   are not filed with the Court. If the parties are unable to agree to a remand, the letters are not part

2   of the case file and, thus, are not before the Court if and when the Court finally considers the case

3   on the merits.

4   **II**.   **Briefs**

5         If, after exchanging confidential letter briefs, the parties are unable to agree to a remand of

6   the case, then the parties must file formal briefs with the Court as directed in the Scheduling

7   Order.  It is only after the formal briefs are filed with the Court that the Court will consider the

8   merits of the case and make a decision.

9         *A.*   ***Plaintiff's Opening Brief***

10         Plaintiff's opening brief must be filed and served no later than thirty (30) days from the

11   date defendant's informal letter brief was served on plaintiff.  Plaintiff must serve a copy of the

12   opening brief on all the attorneys listed for defendant on the court docket of the case at the

13   addresses noted on the court docket.

14         Plaintiff must also file the original opening brief, together with a copy, with the Court, by

15   either personal delivery or via U.S. mail to:

16

17                    Office of the Clerk
                 United States District Court

18                    Eastern District of California
                 2500 Tulare Street, Suite 1501

19                    Fresno, CA 93721

20

21   Plaintiff's opening brief must contain the following:

22         (1)   a plain description of plaintiff's alleged physical or emotional impairments, when

23              plaintiff contends they became disabling, and how they disabled plaintiff from

           work;

24         (2)   a summary of the administrative proceedings before the Social Security

25              Administration;

26         (3)   a summary of the relevant testimony at the administrative hearing;

27         (4)   a summary of all relevant medical evidence, including an explanation of the

28

1  significance of clinical and laboratory findings, and the purpose and effect of

2  prescribed medication and therapy;

3  (5)  a recitation of the Social Security Administration=s findings and conclusions

4  relevant to plaintiff's claims;

5  (6)  a short, separate statement of each of plaintiff's legal claims stated in terms of the

6  insufficiency of the evidence to support a particular finding of fact or reliance on

7  an erroneous legal standard; and,

8  (7)  argument separately addressing each claimed error.

9  All references to the administrative record and all assertions of fact must be accompanied

10 by citations to the administrative record.  Argument in support of each claim of error must be

11 supported by citation to legal authority and explanation of the application of such authority to the

12 facts of the particular case.  Briefs that do not substantially comply with these requirements will

13 be stricken.  A document that is stricken becomes null and void and is not considered by the

14 Court for any purpose.

15 Plaintiff is further advised that failure to timely file an opening brief will result in

16 dismissal of the action.

17 **B**.  ***Defendant's Brief***

18 Pursuant to the Scheduling Order, defendant's responsive brief is due filed and served on

19 plaintiff within  thirty (30) days from the date of service of plaintiff's opening brief on defendant.

20 **C**.  ***Plaintiff's Reply Brief***

21 Plaintiff may file a reply brief, but is not required to do so, within fifteen (15) days from

22 the date defendant served its responsive brief on plaintiff.  Plaintiff must serve a copy of the reply

23 brief on defendant by serving the United States Attorney for the Eastern District of California at

24 the address in Fresno, California, noted above.  Plaintiff must also file the original reply brief,

25 together with a copy, with the Court at the Court's address in Fresno, California, noted above.

26 Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

27 Plaintiff may not raise new arguments that were not addressed in the opening brief or in the

28 Commissioner's opposition.

### III.    Motion to Dismiss

In some cases, instead of serving and filing an administrative record, defendant may file a motion to dismiss the case pursuant to Fed.R.Civ.P. 12., within one hundred twenty (120) days from the date defendant is served with plaintiff's complaint.

Plaintiff may oppose a motion to dismiss by filing and serving opposition to the motion within fourteen (14) days from the date the motion to dismiss was served on plaintiff, and should be titled "Opposition to Defendant's Motion to Dismiss."  See Local Rule 230(c).

The Court will consider a motion to dismiss only after receiving opposition from plaintiff, or after the time for filing opposition has passed.  In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file the administrative record, attempt informal resolution, and file briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

### IV.    The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

### V.    Summary of Deadline Calculations

| See Section I. above | Service | due **20** days after filing complaint |
|---|---|---|
| See Section II. above | Administrative Record | due **120** days after service |
| See Section III. A. above | Plaintiff's Opening Brief | due **95** days after administrative record lodged with court |
| See Section III. B. above | Defendant's Brief | due **30** days after plaintiff's opening brief filed |
| See Section III. C. above | Plaintiff's Reply Brief - optional | due **15** days after defendant's brief filed |

1    **VI.    Rules for Litigating the Action**

2    Plaintiff is informed of the following:

3    A.    In litigating this action, the parties must comply with the Federal Rules of Civil

4    Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District

5    of California ("Local Rules").  A copy of the Local Rules is located on Court's website at

6    www.caed.uscourts.gov.

7    Local Rule 206 is a special rule for Social Security actions.  Specifically (a)(2) and (3)

8    generally states that complaints shall contain the last four digits of plaintiff's Social Security

9    number only, i.e., XXX-XX-1234, and that plaintiff shall privately disclose to defendant, within

10   five (5) days after a request is made to plaintiff, the full Social Security number of plaintiff.

11   Therefore, plaintiff shall refrain from disclosing the entire Social Security number on any filings.

12   FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT

13   ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER

14   APPROPRIATE SANCTIONS.  See Local Rule 110; Fed.R.Civ.P. 41(b).

15   B.    Documents intended to be filed with the Court must be mailed to the Clerk of the

16   Court in Fresno, California, at the address noted above.  See Local Rule 134(a).  All documents

17   inappropriately mailed directly to a judge's chambers will be stricken from the record.  A

18   document requesting a court order must be styled as a motion, not a letter.  See Fed.R.Civ.P. 7.

19   C.    Each document submitted for filing must include the original signature of the

20   filing party or parties.  Local Rule 131; Fed.R.Civ.P. 11(a).  All documents submitted without the

21   required signature(s) will be stricken.  Each separate document must be separately stapled.  See

22   Local Rule 130.  If a document is stapled behind another document, it will not be filed and will

23   not enter the court docket.

24   D.    All documents filed with the Court must be submitted with an additional legible

25   copy to be conformed for the Court's use.  See Local Rule 133(d)(2).  A document submitted

26   without an extra copy for the Court's use will be stricken.  If the filing party wishes the Court to

27   return a file-stamped copy, an additional copy must be provided for that purpose (i.e., an original

28   and two copies, one for the Court's use and one to be returned to the filing party), together with a

6

self-addressed, stamped envelope.  The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the Court's file may be obtained in the Clerk's Office at the cost of fifty ($.50) cents per page.

      E.      After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a proof of service stating that a copy of the document was served on the opposing party. See 28 U.S.C. ' 1746; Fed.R.Civ.P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

      F.      A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If plaintiff's address is not updated, in writing, within sixty (60) days of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **January 30, 2017**           **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE